FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 15 2024

TAMMY DOWNS, CLERK
By: _____
              DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| ANESHIA LAWLESS, on behalf of and as next friend of minor child K.C., | ) ) ) Case No. 3:24-cv-00029-LPR ) |
| PLAINTIFF, | ) COMPLAINT FOR VIOLATIONS OF ) THE AMERICANS WITH DISABILITIES ) ACT, AND SECTION 504 OF THE ) REHABILITATION ACT |
| v. | ) ) |
| TRUMANN SCHOOL BOARD, | ) **JURY TRIAL DEMANDED** ) **PURSUANT TO FED. R. CIV. PRO. 38(a)** ) **& (b)** |
| DEFENDANT. | ) |

## COMPLAINT

TO THE HONORABLE DISTRICT COURT JUDGE:

**COMES NOW** Plaintiff Aneshia Lawless, on behalf of and as next friend of minor child K.C. (hereinafter "Plaintiff"), by and through undersigned counsel, and for her causes of action against Defendant Trumann School Board (hereinafter "School Board"), alleges as follows:

### I. NATURE OF THE ACTION

1. This is a claim for injunctive relief, along with compensatory damages, brought under the Rehabilitation Act of 1973, 29 U.S.C. § 794, in particular, as well as Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.* ("ADA").

### II. PATRIES

2. Plaintiff is an adult female resident of Poinsett County, Arkansas. She brings this action on behalf of her minor daughter K.C., an eight-year-old disabled child who suffers from

This case assigned to District J _____
and to Magistrate Judge _____

Congenital Muscular Dystrophy and requires the use of a wheelchair and paraprofessional assistant.

3. The School Board is a local education authority and government entity, and can be served with process at 221 N. Pine Ave., Trumann, AR 72472.

### III. SUBJECT MATTER AND JURISDICTION

4. This Court has jurisdiction over this action under the Rehabilitation Act of 1973, 29 U.S.C. § 794, as well as Title II of the Americans with Disabilities Act, 42 U.S.C. § § 1201, *et. seq.* ("ADA").

5. The unlawful practices alleged in this Complaint occurred in Poinsett County, Arkansas. Accordingly, venue lies in the United States Court for the Eastern District of Arkansas, under 28 U.S.C. § 1391(b).

### IV. FACTUAL HISTORY

6. The School Board operates Trumann Elementary (the "School") located at 401 N. Willow Avenue, Trumann, Arkansas 72472.

7. At all relevant times in this Complaint, minor K.C. was an elementary school student at the School.

8. As early as September 2021, minor K.C. participated in the interactive process in order to obtain reasonable accommodations for participation in the educational process through a school run by the School Board.

9. At a minimum, each year, Plaintiff and the School Board participated in the interactive process and reasonable accommodations were agreed to by the School Board.

10. Prior to the events which are the subject of this litigation, the last annual Individual Education Program ("IEP") for minor K.C. covered the time period between April 18,

2023, and April 16, 2024 ("Pre-Injury IEP"). Minor K.C.'s Pre-Injury IEP lists certain supplemental aids and services, program modifications and accommodations and/or supports for personnel in general education or other education-related settings that are necessary for minor K.C.. The Pre-Injury IEP specifically states that a one-on-one aid will be available to assist minor K.C. as needed.

11. The School Board assigned minor K.C. what was supposed to be a full-time para professional, Megan Guthrie ("Ms. Guthrie"), to meet the reasonable accommodations discussed above.

12. Between May 1, 2023, and September 19, 2023, Ms. Guthrie and Plaintiff exchanged multiple text messages discussing the fact that Ms. Guthrie believed she was hired to be a full-time assistant to minor K.C., how she had been pulled to work as a substitute teacher on multiple occasions, how other students were assisting minor K.C., and how Plaintiff had issues with this and had on multiple occasions informed the school of her issues with removing Ms. Guthrie from K.C.. A copy of this text exchange is hereto attached as **Exhibit A**.

13. In the text exchange on September 19, 2023, Plaintiff stated that she was waiting on a call from the principal because minor K.C. had told her that on multiple occasions other minor children were required to assist her instead of Ms. Guthrie, and that a meeting was being set up to discuss this issue with the school. (Ex. A, pp. 3, 4).

14. On October 26, 2023, a reevaluation of Plaintiff's IEP with minor K.C.'s IEP team. During that meeting, Plaintiff again raised her concerns about the failures to have Ms. Guthrie available at all times for her daughter. Plaintiff's concerns were dismissed, and she was informed that these were isolated incidents which would not occur again.

15. On Tuesday, November 28, 2023, Ms. Guthrie was again pulled away from minor

K.C. to perform other duties at the school, namely, to untangle Christmas lights. Ultimately, another minor child began operating minor K.C.'s wheelchair and ran her into a water fountain resulting in telescopic fractures in her femur. Despite suffering these fractures, the school's employees took no action other than to call minor K.C.'s mother.

16. Minor K.C. was left screaming in pain with both her legs fractured while she waited for her mother to arrive at the school.

17. Plaintiff was forced to transport Minor K.C. to the NEA Baptist Clinic in Trumann for x-rays.

18. Minor K.C. was then transported to Le Bonheur Children's Clinic in Memphis, Tennessee ("Le Bonheur – Memphis") to have both of her legs placed into casts. Minor K.C. was released that night, but immediately found herself back in the hospital the following day when she was transported to St. Bernard's in Jonesboro for pain and shortness of breath.

19. Ultimately on November 29, 2023, Minor K.C. was transferred via ambulance from Jonesboro to Le Bonheur – Memphis. Minor K.C.'s body reacted negatively to the injury and the subsequent medications which she was required to consume for the pain. The pain medication impacted her bowels and additionally prevented her ability to consume food. She was forced to stay at Le Bonheur – Memphis from November 29 until December 5, 2023, and endured pain and discomfort as, among other things, she was intubation with a nasogastric tube for multiple days.

20. Minor K.C.'s casts were not removed until January 22, 2024, and her doctors at Le Bonheur – Memphis indicate that she will suffer long term and permanent injuries as a result of the injuries to her legs. Given her pre-existing conditions, further evaluation and monitoring will be required for years.

21.     Despite being intimately familiar with minor K.C.'S medical conditions and her reasonable accommodations, the School left minor K.C. constantly without the use of her one-on-one para professional.

22.     The School knew or should have known, that removing minor K.C.'s one-on-one para professional could result in a issues for minor K.C., including injury, and the School had a duty to ensure that interference with minor K.C.'s para professional duties did not occur.

## V. CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 AGAINST DEFENDANT TRUMANN SCHOOL BOARD

23.     Plaintiff restates and realleges the contents of the above paragraphs, as if fully set forth herein.

24.     The School Board is a recipient of federal funds, and its programs are covered by Section 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794 (b)(2)(A).

25.     Plaintiff is a person with a disability as defined by the Rehabilitation Act.

26.     Plaintiff, with or without reasonable accommodations, was otherwise qualified to be a student at the School.

27.     Plaintiff's disability required the reasonable accommodations, including a para professional, an accommodation that the School Board were well aware of and specifically agreed to furnish. Minor K.C.'s one-on-one para professional is a reasonable accommodation which is routinely provided to students, such as Plaintiff, across the United States.

28.     The refusal of the School Board, to provide reasonable accommodations to Plaintiff as a result of her disability denied her the benefits of enrollment at the School by excluding her from participation in, from being denied the benefits of, or being subjected to,

discrimination solely because of her disability. The failure to accommodate is in violation of 29 U.S.C. § 794.

29. The School Board, through its employees and agents, knew that failing to provide minor K.C. with such reasonable accommodations would exclude her from participation in and the benefit of the programs offered by the School and that by failing to provide such reasonable accommodations amounted to discrimination because of her disabilities.

30. Also, the School Board, through its employees and agents, knew of a substantial risk of harm to minor K.C. and similarly situated students and chose to ignore the risks to these individuals.

31. Minor K.C. was denied services, programs, or activities because she could not fully access the School's educational programs due to refusal to accommodate her extensive disabilities.

32. The School Board has been and continues to be deliberately indifferent to its vulnerable disabled students by failing to hire and actually utilize one-on-one para professionals for their intended purposes, to implement appropriate safety plans, or to provide constant supervision to its vulnerable and disabled students. This is evident from the months of communications from minor K.C.'s para professional about the schools deliberate indifference to minor K.C.'s needs.

33. The School Board gives disparate treatment to vulnerable students by allowing the School to disregard student's IEP plans. This disparate treatment of individuals with disabilities is a violation of Section 504.

34. As a result of the School Board's actions or inactions, minor K.C. was unnecessarily excluded from participation in or denied the benefits of or denied access to the

facilities, services, programs, or activities of the School, or subjected to discrimination by the School. Minor K.C. has suffered severe humiliation, embarrassment, physical pain and suffering, and loss of enjoyment of life, and has suffered other pecuniary and non-pecuniary losses. Additionally, Plaintiff has suffered pecuniary losses as she was required to take off work as a nurse to care for her child.

## COUNT TWO
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## AGAINST DEFENDANT TRUMANN SCHOOL BOARD

35. Plaintiff incorporates by reference each and every aforementioned allegation in this Complaint as if fully set forth herein verbatim.

36. The School Board is a public entity as defined by 42 U.S.C. § 12131(1)(B).

37. Minor K.C. is a qualified individual with a disability as defined by 42 U.S.C. § 12131(2).

38. Minor K.C.'s multiple disabilities and diagnosis caused her to be disabled within the definition of "disability" contained in 42 U.S.C. § 12102.

39. Minor K.C. met the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the School Board at all times relevant to the Complaint.

40. As a direct result of her disability, minor K.C. was excluded from participation in or denied the benefits of or denied access to the facilities, services, programs, or activities of the School Board, or subjected to discrimination by the School Board.

41. The School Board intentionally discriminated against minor K.C. in violation of the ADA by its failure to provide her with her agreed to reasonable accommodations.

42. As a result of the School Board's actions or inactions, minor K.C. has been

unnecessarily precluded from the benefits of enrollment at the School for some time. Minor K.C. has suffered severe humiliation, embarrassment, physical pain and suffering, and loss of enjoyment of life, and has suffered other pecuniary and non-pecuniary losses. Additionally, Plaintiff has suffered pecuniary losses as she was required to take off work as a nurse to care for her child.

43. The School Board's discriminatory conduct exhibited a willful and/or reckless indifference to minor K.C.'s federally protected right to be free from discrimination.

## COUNT THREE
## NEGLIGENCE AGAINST DEFENDANT
## TRUMANN SCHOOL BOARD

44. Plaintiff incorporates by reference each and every aforementioned allegation in this Complaint as if fully set forth herein verbatim.

45. The School Board had a duty to provide minor K.C. with reasonable accommodations, including, but not limited to, a one-on-one para professional. The School Board agreed to that duty through minor K.C.'s IEP plan.

46. The School Board breached their duty including, but not limited to, the following:

   a. failure to hire a one-on-one para professional solely for the use of minor K.C.;

   b. failure to properly hire, train, supervise, and discipline their employees when violations of minor K.C.'s IEP plan were brought to its attention;

   c. failure to implement and enforce policies and procedures concerning one-on-one para professionals assigned to disabled students;

   d. failure to implement and enforce proper policies and procedures designed to protect disabled students from injuries;

   e. failure to implement a best practices plan including an alternative movement plan in the event a para professional is unavailable; and

8

      f. failure to recognize that negligent activity regarding minor K.C.'s para professional was occurring for months at the School.

47. It was highly foreseeable that a disabled child who required a one-on-one para professional while attending the School could be injured as a result of not supplying that disabled child with her one-on-one para professional.

48. As a result of the School Board's negligence set forth herein minor K.C. and Plaintiff suffered injuries and damages which otherwise would not have occurred.

49. The actions of the School Board alleged herein constitute a conscious disregard of a substantial and unjustified risk of injury and/or death to minor K.C. and other disabled children at the School and constitute a gross deviation from the standard of care that an ordinary person would exercise under the circumstances which arises to the level of recklessness entitling minor K.C. and Plaintiff to a substantial award of damages.

## COUNT FOUR
## NEGLIGENT HIRING, SUPERVISION, AND TRAINING

50. Plaintiff incorporates by reference each and every aforementioned allegation in this Complaint as if fully set forth herein verbatim

51. The School Board owed a duty to the public, including minor K.C. and Plaintiff, to act in a reasonable and prudent manner in the operation of its business including, but not limited to, hiring qualified employees, providing proper training, and providing proper supervision of its employees.

52. The School Board breached this duty by negligently hiring, training, and/or supervising its employees in each of but not limited to the following ways:

      a. failure to hire qualified and competent employees;

      b. failure to properly train and educate its employees;

      c. failure to properly supervise and discipline its employees; and

      d. failure to use the degree of care required under the circumstances.

53. As a direct and proximate result of the School Board's own direct negligence, minor K.C. and the Plaintiff suffered injuries and damages which would otherwise have not occurred.

54. The actions of the School Board alleged herein constitute a conscious disregard of a substantial and unjustified risk of injury and/or death to minor K.C. and other disabled children at the School and constitute a gross deviation from the standard of care that an ordinary person would exercise under the circumstances which arises to the level of recklessness entitling minor K.C. and Plaintiff to a substantial award of damages.

## COUNT FIVE
## INJUNCTIVE RELIEF AGAINST DEFENDANT TRUMANN SCHOOL BOARD

55. Plaintiff incorporates by reference each and every aforementioned allegation in this Complaint as if fully set forth herein verbatim.

56. Minor K.C. has now been subject to violation of her reasonable accommodations for years resulting in permanent injury. For months, Plaintiff has put the School Board's employees on notice of the continued violation of Plaintiff's reasonable accommodations by the mis-use of minor K.C.'s one-on-one para professional. These employees conduct prior to the November 28, 2023, incident demonstrates a pattern of conduct by the School Board's employees in which the employees face little or no consequence for their actions.

57. For months the School Board has failed to supervise or discipline its employees related to the deliberate indifference to the reasonable accommodations of minor K.C., which the School Board agreed to provide.

58. Requiring the School Board to ensure minor K.C.'s one-on-one para professional is not subjected to additional duties at the School will have no adverse impact upon the School Board.

59. The most narrowly-tailored way to remedy minor K.C.'s ongoing harm is to take all reasonable steps to prevent minor K.C.'s one-on-one para professional's misuse.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant Trumann School Board on each Count of the Complaint and prays for the following relief:

1. Issue both a Preliminary and Permanent Injunction compelling the School Board to implement protections to ensure that minor K.C.'s one-on-one para professional will not be misused by the School, and will be assigned solely for use by minor K.C.;

2. Permit Plaintiff leave to amend this Complaint after reasonable discovery;

3. Empanel a jury to try this matter;

4. Award Plaintiff compensatory damages in an amount to be determined by a jury;

5. Award Plaintiff his reasonable attorney's fees, pursuant to 42 U.S.C. § 12205;

6. Award costs and expenses incurred in this action pursuant to Rule 54 of the Federal Rules of Civil Procedure;

7. Award pre-and post-judgment interest in an appropriate amount; and

8. Grant Plaintiff such further relief as the Court may deem just and proper.

[Signature on following page]

Respectfully submitted,

/s/ *Craig A. Edgington*
Craig A. Edgington (#38205)
Brice M. Timmons (#29582)
Melissa J. Stewart (#40638)
Donati Law, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 (Office)
(901) 278-3111 (Fax)
craig@donatilaw.com
brice@donatilaw.com
melissa@donatilaw.com
*Counsel for Plaintiff*

12/14/23, 11:59 AM                                                IMG_9699.PNG

11:18 ⬈                                   .ıll 5G 31




███████ Para ›

Mon, May 1 at 9:15 AM

Hey, I just wanted to let you know that they(school) is making me sub again with 15 days left. It has been happening alot, but not all day just half the day. Like today I have to go to a teachers room at 12 & stay in there for the rest of the day. Last week I had a few days like that. I let ██████ know I have to sub & if she has to go to the restroom that Mrs. Price would have to get someone to take her, so said gosh!! Guess I am gonna have to let my mom know you have not been in the room lately.

You didn't hear this from me, though!!

> Okay, thank you.

Your welcome!! I mean I am just doing what I am told, don't want to sound like I am coming off like I am complaining to you, but I thought ██████ was supposed to have an aid with her all day long.

Hope you have a great rest of your day.

Just please let me know if I am annoying you.

> She is supposed to. I've talked to the

+ | Text Message                              

May 1 2023 (Second Grade)

12/14/23, 12:02 PM                                                      IMG_9700.PNG

11:19                                                      5G  31

*(handwritten: May 1, 2023 cont. (2nd grade))*

the rest of the day. Last week I had a few days like that. I let ▮▮▮▮ know I have to sub & if she has to go to the restroom that Mrs. Price would have to get someone to take her, so said gosh!! Guess I am gonna have to let my mom know you have not been in the room lately.

You didn't hear this from me, though!!

> Okay, thank you.

Your welcome!! I mean I am just doing what I am told, don't want to sound like I am coming off like I am complaining to you, but I thought Kenlee was supposed to have an aid with her all day long.

Hope you have a great rest of your day.

Just please let me know if I am annoying you.

> She is supposed to. I've talked to the school several times. Idk what the problem is

I know.

It's crazy, somebody needs to call the state board on them.

Tue, May 23 at 12:20 PM

+    Text Message                                    🎤

12/14/23 12:04 PM  IMG_9701.PNG

11:19  ▪▫▫ 5G 30

< 6  **K**  ▮ Para >

Tue, Sep 19 at 10:12 AM

> Please don't forget the picture for me. I didn't get to get one this morning 💀

Sep 19 2023 (3rd grade)

Tue, Sep 19 at 11:38 AM

Actually I am subbing in a different room today.

> Who's with ▮ ?

Someone else (a student) is helping ▮ out today.

I am very irritated about today.

But I have to do what my boss tells me to do. Sorry

> Yeah, I have a problem with that. It will be addressed

Ok

Hope you have a wonderful rest of your day.

> Thank you. You too.

I'm waiting on a call from the principal. This isn't the first time ▮ has told me that a student has helped her. If you happen to see her today, please get a picture for me

Text Message

https://mail.google.com/mail/u/0/?hl=en#inbox/FMfcgzGwJJVnGJgVwZfNlxtsCKdlNlbb?projector=1&messagePartId=0.3  1/1

12/14/23 12:05 PM                                                IMG_9702.PNG



Sep 19 2023 cont. (3rd grade)

11:20  •ııl 5G 30

K

▮▮▮▮ Para >

Tue, Nov 28 at 1:30 PM

How is ▮▮▮▮?

> Both her legs are broken

I am so sorry, I feel horrible about what happened.

Hope she is feeling better soon.

> Thank you.

I don't blame you for being mad.

I just wanted you to know how terribly sorry about what happened.

> She's been screaming in pain

Yesterday 2:19 PM

> I don't think ▮▮▮ needs visitors today

Dec. 14. 2023

That's fine!! Sorry I came over unexpected.

+ Text Message 🎤