IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| ANESHIA LAWLESS, on behalf of and as next friend of minor child K.C., | ) ) ) **Case No. 3:24-cv-00029-LPR** |
| PLAINTIFF, | ) ) **COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, AND SECTION 504 OF THE REHABILITATION ACT** |
| v. | ) ) |
| TRUMANN SCHOOL BOARD, | ) **JURY TRIAL DEMANDED** ) **PURSUANT TO FED. R. CIV. PRO. 38(a)** ) **& (b)** |
| DEFENDANT. | ) |

## CONSENT ORDER

**COME NOW** the Parties, Plaintiff Aneshia Lawless ("Plaintiff"), on behalf of and as next friend of minor child K.C. ("K.C."), and Trumann School Board ("Defendant"), and jointly submit this Consent Order for approval and entry by the Court. This Order resolves Plaintiff's Motion for Preliminary Injunction (Doc. No. 2) and the injunctive relief component of Plaintiff's cause of action against Defendant. As evidenced by the signatures of counsel below, the Parties agree to the following terms:

1. Defendant, its employees, and agents will follow the student's IEP and provide the related services and accommodations as stated in Plaintiff's February 21, 2024, IEP. The IEP developed by KC's IEP team on 2/21/24, states that KC needs the following aides/accommodations:

- Supplemental Aids:
    - Alternative seating.

- Program Modification and Accommodations:
    - Use a seat cushion as needed;
    - Two-person line except for physical therapy/occupation therapy or use of sling;
    - Reposition in chair every two hours or as needed;
    - Brakes shall be applied to K.C.'s wheelchair when not transitioning/moving;
    - One-on-one aide as needed for transporting and lifting; and
    - Contingency plan is in place.

2. The Parties agree on two separate contingency plans for when K.C.'s paraprofessional is absent, taking lunch, or required breaks.

3. The first contingency plan is for when K.C.'s paraprofessional is in attendance at school and must step away for incidents such as breaks, lunch, and restroom breaks. During those times, the following transfer of care procedures shall apply:

    i. Paraprofessional is to alert the adult in the classroom that she will be unavailable and transfer care of K.C;

    ii. While the paraprofessional is unavailable and should K.C. have restroom needs or needs outside the classroom that will require assistance, the adult in the classroom is to call the office for help;

    iii. The office will send an adult for transferring care of K.C. to take care of her needs; and

    iv. When her needs have been addressed, the adult sent by the office will then return care to the adult or paraprofessional in the classroom.

4. The second contingency plan is for when K.C.'s paraprofessional is absent or needs to take unexpected leave. During those times, the following transfer of care procedures shall apply:

    i. The school will request a substitute for the paraprofessional;

    ii. If the Substitute position is not filled, the adult in the classroom will be in charge of K.C.'s care;

    iii. When K.C. has restroom needs or needs outside the classroom that will require assistance, the adult in the classroom is to call the office for help;

    iv. The office will send an adult for transferring care of K.C. to take care of her needs; and

    v. When her needs have been addressed, the adult sent by the office will then return the care to the adult or paraprofessional in the classroom.

5. Defendant agrees that K.C.'s paraprofessional will not be assigned any duties outside of serving as KC's 1:1 aide unless KC is absent, or the aide is attending training related to KC's care.

6. Defendant agrees that K.C.'s paraprofessional shall be authorized to have her phone during school hours and the ability to communicate with Ms. Lawless regarding K.C. as needed.

7. This Order does not restrict K.C.'s IEP team from modifying or amending the student's IEP based on K.C.'s current needs. Any amendments or modifications to the student's IEP shall be made by K.C.'s IEP team and in compliance with IDEA.

8. Upon entry of this Consent Order, all claims for injunctive relief raised in this matter have been resolved because Plaintiff will have obtained appropriate injunctive relief. The Parties aver that a preliminary injunction hearing is no longer necessary.

SO ORDERED this 6th day of March, 2024.

                                                             _____
                                                             LEE P. RUDOFSKY
                                                             UNITED STATES DISTRICT JUDGE

The undersigned hereby respectfully apply for and consent to the entry of this Consent Order:

**For the Plaintiff:**

/s/ *Craig A. Edgington*
Craig A. Edgington (#TN38205)
Brice M. Timmons (#TN29582)
Melissa J. Stewart (#TN40638)
Donati Law, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 (Office)
(901) 278-3111 (Fax)
craig@donatilaw.com
brice@donatilaw.com
melissa@donatilaw.com

**For the Defendant:**

/s/ Rebecca Worsham
Rebecca Worsham (#AR2009260)
Mixon & Worsham PLC
505 Union Street
P.O. Box 1442
Jonesboro, Arkansas 72403
870.935.8600, 870.935.8622 (fax)
rworsham@mixonlawfirm.com

**CERTIFICATE OF SERVICE**

  I certify that a copy of the above pleading was electronically sent on March 6, 2024, to the following individuals:

Counsel for Plaintiff:

Craig A. Edgington  *craig@donatilaw.com*
Brice M. Timmons  *brice@donatilaw.com*
Melissa J. Stewart  *melissa@donatilaw.com*
Donati Law, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 (Office)
(901) 278-3111 (Fax)

                /s/ Rebecca Worsham
                 Rebecca Worsham